UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALBRIDGE ALDINGER, LLC,

       Plaintiff,                                    Case Number 17-11850

v.                                                     Honorable David M. Lawson

MIDDOUGH, INC.,

       Defendant.

_____/

## ORDER GRANTING MOTION TO STRIKE
## NOTICE OF NON-PARTY FAULT

This matter is before the Court on the plaintiff's motion to strike the defendant's "notice of non-party fault," which purportedly was filed under the authority of Michigan Court Rule 2.112(K). That rule "applies to actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death to which MCL 600.2957 and MCL 600.6304 [provisions of Michigan's Tort Reform Act] apply." Mich. Ct. R. 2.112(K)(1). The rule states that "the trier of fact shall not assess the fault of a nonparty [according to Michigan's comparative fault statute] unless notice has been given as provided in this subrule." Mich. Ct. R. 2.112(K)(2). The defendant's "notice" states that it believes that two third parties, an architect and the plaintiff's excavation contractor, may be liable for some of the damage due to water infiltration that the plaintiff alleges it repaired at great expense.

The Court has reviewed the motion and the record of proceedings and finds that all of the relevant facts and legal issues adequately are presented by the motion papers and the other pertinent filings in the record, and the Court's ruling on the motion would not be significantly aided by oral arguments; therefore, it is **ORDERED** that the motion be resolved on the briefs submitted pursuant to E.D. Mich. L.R. 7.1(e)(2). The Court further concludes that the notice of non-party fault must

be stricken because such a notice is inapplicable and has no legal import in a case such as this, where the complaint pleads only claims sounding in contract.

"In 1995, the [Michigan] Legislature enacted comprehensive tort-reform legislation." *Vandonkelaar v. Kid's Kourt, LLC*, 290 Mich. App. 187, 207, 800 N.W.2d 760, 771 (2010). "An important aspect of this reform was the replacement of the common-law doctrine of joint and several liability with the doctrine of several liability." *Ibid.* (citing Mich. Comp. Laws § 600.2956). "To this end, the Legislature passed MCL 600.2957 and MCL 600.6304, known as the comparative-fault statutes, which require fact-finders to assess fault in personal injury actions according to an individual's degree of fault irrespective of the individual's involvement in the suit." *Ibid.*

However, it is well accepted by Michigan courts that comparative fault concepts, and, relatedly, the required notices of non-party fault, are inapplicable in actions sounding in contract that involve no tort claims. *Zahn v. Kroger Co. of Michigan*, 483 Mich. 34, 40, 764 N.W.2d 207, 210 (2009) ("We find the above analysis persuasive and hold that MCL 600.2956 does not apply to contract actions, and the language chosen by the parties [as to indemnification] in the contract is controlling."); *see also Design Basics, LLC v. Chelsea Lumber Co.*, No. 11-10854, 2013 WL 3471142, at *4 n.1 (E.D. Mich. July 10, 2013) ("It is established that the MTRA is not applicable to breach of contract actions. Therefore, [] if state law regarding breach of a licensing contract governs any of Plaintiff's claims, the MTRA and Michigan Court Rule 2.112(K) would not authorize Defendants to file a notice of non-party fault [and] the allocation of fault would be irrelevant, [] if the claims sound in breach of contract." (citing *Zahn*, 483 Mich. at 40, 764 N.W.2d at 210)); *Atlas Resources, LLC v. McJunkin Red Man Corp.*, No. 12-41, 2012 WL 13027987, at *1 (W.D. Mich. Oct. 29, 2012) ("[T]he comparative fault provisions of the Michigan Tort Reform Act

(MTRA) upon which [the defendant] relied, Mich. Comp. Laws § 600.2957 and Mich. Comp. Laws § 600.6304, [are] inapplicable because [the plaintiff's] claims are governed by the economic loss doctrine and provisions of the Uniform Commercial Code (UCC), not tort theories.") (overruling objections to magistrate judge's order striking notice of non-party fault).

The Court previously ruled on the nature of the claims in this case and rejected the defendant's position that they sound in malpractice (professional negligence) rather than for breach of contract. Plf.'s Reply, Ex. 1, Hearing Tr. at 21-22 (Pg ID 515-16) ("The action here is not by the property owner, for example, seeking recovery for loss of value in the property due to the defective design, but by the contractor that constructed the improvements on the property seeking recovery for the defendant's refusal to honor a contractual promise to indemnify the plaintiff against any such claims by the owner."). The complaint here pleads no cause of action that sounds in tort, and the notice of non-party fault therefore is meaningless and has no place in the allocation of liability in this case.

Accordingly, it is **ORDERED** that the plaintiff's motion to strike [25] is **GRANTED**, and the defendant's notice of non-party fault [24] is **STRICKEN**.

It is further **ORDERED** that the hearing on the plaintiff's motion scheduled for February 1, 2018 is **CANCELED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: January 24, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2018.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI